NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A & M RECORDS, INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York partnership; CAPITOL RECORDS, INC., a Delaware corporation; CHRYSALIS RECORDS, a division of Capitol Records, Inc.; K-TEL INTERNATIONAL (USA), INC., a Minnesota corporation; MCA RECORDS, INC., a California corporation; POLYGRAM RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware corporation; TOMMY BOY MUSIC, INC., a New York corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN LAMONTE, an individual; CREATIVE SOUNDS, LTD., a corporation; DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  CV 95-0212 FMC<br><br>The Honorable Florence-Marie Cooper<br><br>**[~~PROPOSED~~] AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Mitchell Silberberg & Knupp LLP

1542952.1

AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION

The Court, having granted Plaintiffs' Motion to Enforce the Settlement Read Into the Record on June 27, 1997 and January 5, 1998, and Plaintiffs' Motion to Amend Permanent Injunction on ~~November 26, 2007~~ **January 25, 2008**, and having determined that good cause exists, IT IS HEREBY ORDERED, ADJUDGED AND DECLARED that:

1.  This Court has jurisdiction over the subject matter of this action and all persons and parties hereto, and venue in this Court is proper.

2.  The Settlement Agreement and Exhibits thereto (the "Settlement Agreement") attached as Exhibit "A" hereto is valid, binding and enforceable. All of the terms of the Settlement Agreement are incorporated into this Judgment as though fully set forth herein.

3.  Pursuant to the Settlement Agreement, defendant Creative Sounds Ltd. is hereby dismissed from the action, and defendant Creative Sounds, Inc. is hereby added as a defendant to this action.

4.  Pursuant to the Settlement Agreement, Lamonte and Creative Sounds, Inc. jointly and severally, are ordered to pay Plaintiffs the sum of $50,000 payable as follows: $25,000 upon entry of this Judgment, and $25,000 within ninety (90) days of entry of this Judgment.

5.  Lamonte, Creative Sounds, Inc., and any corporation, partnership, sole proprietorship or other entity over which Lamonte has control as an officer, director, shareholder, principal or partner (including, without limitation, Power Sounds 2001), and all of their respective officers, directors, shareholders, employees, agents, representatives, assignees, licensees and privies, and all other persons acting in concert or participation with each or any of them, shall be and are hereby permanently enjoined and restrained from engaging in, committing or performing, directly or indirectly, by any means whatsoever, any of the following acts:

(a) manufacturing, distributing, marketing, advertising or selling, or causing to be manufactured, distributed, marketed, advertised or sold, any phonorecords (as that term is defined in the Copyright Act -- 17 U.S.C. Section 101) made from the Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2 attached hereto and incorporated herein and which were previously identified as Schedules "A" and "E" respectively to the Complaint filed herein, or any other Copyrighted Recordings or Master Recordings of which Plaintiffs are the sole and exclusive owners or licensees, including, but not limited to, the sound recordings set forth in Schedule 3 attached hereto (as used herein "Copyrighted Recordings" means and refers to sound recordings of which Plaintiffs are the registered copyright owners or exclusive licensees under copyright; "Master Recordings" means and refers to phonorecords embodying recorded performances which were initially fixed prior to February 15, 1972, of which Plaintiffs are the sole and exclusive owners);

(b) licensing, selling or assigning, or causing to be licensed, sold or assigned, any right, title or interest in and to any Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2, or any other Copyrighted Recordings or Master Recordings owned by the Plaintiffs, including, but not limited to, the sound recordings set forth in Schedule 3 attached hereto; and

(c) claiming or representing to any person or entity ownership or possession of any right, title or interest in and to any of the Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2, or any other Copyrighted Recordings or Master Recordings owned by the Plaintiffs, including, but not limited to, the sound recordings set forth in Schedule 3 attached hereto.

6. Lamonte and Creative Sounds, Inc. shall forthwith deliver to Plaintiffs all masters, tapes, and phonorecords in their possession, custody or control containing any recordings made from or constituting the Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2, attached hereto.

7. This Judgment shall not affect any exclusive or non-exclusive rights Lamonte or Creative Sounds, Inc. may have in any original recordings or re-recordings of musical performances whether or not initially fixed prior to February 15, 1972.  This Judgment shall not be deemed to grant or acknowledge any rights in sound recordings to any of the parties.  By allowing entry of this Judgment, neither Lamonte nor Creative Sounds, Inc. will be deemed to grant any rights in any sound recordings to any of the Plaintiffs, nor do Lamonte or Creative Sounds, Inc. admit or acknowledge any of Plaintiffs alleged rights in any of Plaintiffs Copyrighted Recordings or Master Recordings, except for the original recordings set forth on Schedule 1 and 2 attached hereto.  Nothing contained in this Judgment shall be deemed in any way to affect any of the parties' rights, if any, under copyright in and to the musical compositions embodied in the Copyrighted Recordings or the Master Recordings.

8. This Court retains jurisdiction over the enforcement of the Permanent Injunction issued herein.  In the event of any claimed violation of the Permanent Injunction, Plaintiffs may file an application with regard to enforcement of this Judgment and Permanent Injunction with this Court pursuant to the following procedure:

(a) Plaintiffs shall provide Lamonte and Creative Sounds, Inc. written notice of any alleged violation of this Judgment and Permanent Injunction, and the parties shall attempt to arrive at a mutually satisfactory settlement of the alleged violation.  Until further order of this Court, such notice may be given to Lamonte and Creative Sounds, Inc. by mailing such notice by first-class mail, postage prepaid to Lamonte's and Creative

1  Sounds, Inc.'s counsel of record, Marvin L. Rudnick, Law Offices of Marvin
2  L. Rudnick, 42 East Colorado Boulevard, Second Floor, Pasadena,
3  California 91105-3794;
4      (b)  If the parties are unable to settle the alleged violation,
5  Plaintiffs may apply to the Court by noticed motion or ex parte application,
6  in accordance with the Federal Rules of Civil Procedure and Local Rules for
7  the United States District Court for the Central District of California, for an
8  order finding Lamonte and/or Creative Sounds, Inc. in violation of this
9  Judgment and Permanent Injunction, except that any such motion or
10 application will not be used to seek rescission of the settlement agreement
11 between the parties;
12     (c)  In the event that the Court determines that Lamonte or
13 Creative Sounds, Inc. violated any of the provisions of this Judgment and
14 Permanent Injunction, then, in addition to any remedies authorized by law
15 (including contempt of Court), the Court shall issue an award of monetary
16 damages authorized under the United States Copyright Act, including the
17 provisions governing statutory damages awards under Section 504(c) of the
18 Copyright Act, 17 U.S.C. § 504(c), including the enhancement of damages
19 for willful copyright infringement.  The Court shall apply the provisions of
20 17 U.S.C. § 504(c) to all violations of this Judgment and Permanent
21 Injunction, including those involving the Master Recordings fixed prior to
22 February 15, 1972.

24 IT IS SO ORDERED.

26 Dated: January 25, 2008      _____
                                Hon. Florence-Marie Cooper
                                United States District Judge

Mitchell Silberberg & Knupp LLP
1542952.1

4
AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION