UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A & M RECORDS, INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York partnership; CAPITOL RECORDS, INC., a Delaware corporation; CHRYSALIS RECORDS, a division of Capitol Records, Inc.; K-TEL INTERNATIONAL (USA), INC., a Minnesota corporation; MCA RECORDS, INC., a California corporation; POLYGRAM RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware corporation; TOMMY BOY MUSIC, INC., a New York corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN LAMONTE, an individual; CREATIVE SOUNDS, LTD., a corporation; DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 95-0212 FMC<br><br>The Honorable Florence-Marie Cooper<br><br>[PROPOSED] SECOND AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION |

The Court, having granted Plaintiffs' Motion to Enforce the Settlement Read Into the Record on June 27, 1997 and January 5, 1998, Plaintiffs' Motion to Amend Permanent Injunction on January 25, 2008, and the *Ex Parte* Application of Plaintiffs for an Order to Show Cause Why Defendants and their Counsel Should Not Be Held in Contempt of this Court's January 25, 2008, Amended Final Judgment and Permanent Injunction on April 23, 2008, and having determined that good cause exists, IT IS HEREBY ORDERED, ADJUDGED AND DECLARED that:

1. This Court has jurisdiction over the subject matter of this action and all persons and parties hereto, and venue in this Court is proper.

2. The Settlement Agreement and Exhibits thereto (the "Settlement Agreement") attached as Exhibit "A" hereto is valid, binding and enforceable. All of the terms of the Settlement Agreement are incorporated into this Judgment as though fully set forth herein.

3. Pursuant to the Settlement Agreement, defendant Creative Sounds Ltd. is hereby dismissed from the action, and defendant Creative Sounds, Inc. is hereby added as a defendant to this action.

4. Pursuant to the Settlement Agreement, Lamonte and Creative Sounds, Inc. jointly and severally, are ordered to pay Plaintiffs the sum of $50,000 payable as follows: $25,000 upon entry of this Judgment, and $25,000 within ninety (90) days of entry of this Judgment.

5. Lamonte, Creative Sounds, Inc., and any corporation, partnership, sole proprietorship or other entity over which Lamonte has control as an officer, director, shareholder, principal or partner (including, without limitation, Power Sounds 2001), and all of their respective officers, directors, shareholders, employees, agents, representatives, assignees, licensees and privies, and all other persons acting in concert or participation with each or any of them, shall be and are hereby permanently enjoined and restrained from engaging in, committing or

performing, directly or indirectly, by any means whatsoever, any of the following acts:

  (a) manufacturing, distributing, marketing, advertising or selling, or causing to be manufactured, distributed, marketed, advertised or sold, any phonorecords (as that term is defined in the Copyright Act -- 17 U.S.C. Section 101) made from the Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2 attached hereto and incorporated herein and which were previously identified as Schedules "A" and "E" respectively to the Complaint filed herein, or any other Copyrighted Recordings or Master Recordings of which Plaintiffs are the sole and exclusive owners or licensees, including, but not limited to, the sound recordings set forth in Schedule 3 attached hereto (as used herein "Copyrighted Recordings" means and refers to sound recordings of which Plaintiffs are the registered copyright owners or exclusive licensees under copyright; "Master Recordings" means and refers to phonorecords embodying recorded performances which were initially fixed prior to February 15, 1972, of which Plaintiffs are the sole and exclusive owners);

  (b) licensing, selling or assigning, or causing to be licensed, sold or assigned, any right, title or interest in and to any Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2, or any other Copyrighted Recordings or Master Recordings owned by the Plaintiffs, including, but not limited to, the sound recordings set forth in Schedule 3 attached hereto; and

  (c) claiming or representing to any person or entity ownership or possession of any right, title or interest in and to any of the Copyrighted Recordings or Master Recordings set forth in Schedules 1 and 2, or any other Copyrighted Recordings or Master Recordings owned by the

1 Plaintiffs, including, but not limited to, the sound recordings set forth in
2 Schedule 3 attached hereto.
3     6.    Lamonte and Creative Sounds, Inc. shall forthwith deliver to
4 Plaintiffs all masters, tapes, and phonorecords in their possession, custody or
5 control containing any recordings made from or constituting the Copyrighted
6 Recordings or Master Recordings set forth in Schedules 1 and 2, attached hereto.
7     7.    Within ten (10) days of entry of this Order, Defendants shall
8 deliver or relinquish possession of all masters, tapes, phonographs, and recordings
9 set forth on Schedule 3 for destruction to Mattera Enterprises Recycling, Inc., 2700
10 North Lake Valley Road, Prescott Valley, Arizona 86314, or to another
11 appropriate, independent third party as ordered by the Court upon the request of
12 Plaintiffs. Plaintiffs shall be permitted to inventory the masters, tapes,
13 phonographs, and recordings set forth on Schedule 3 prior to their destruction.
14     8.    This Court retains jurisdiction over the enforcement of the
15 Permanent Injunction issued herein. In the event of any claimed violation of the
16 Permanent Injunction, Plaintiffs may file an application with regard to enforcement
17 of this Judgment and Permanent Injunction with this Court pursuant to the
18 following procedure:
19     (a)    Plaintiffs shall provide Lamonte and Creative Sounds,
20 Inc. written notice of any alleged violation of this Judgment and Permanent
21 Injunction, and the parties shall attempt to arrive at a mutually satisfactory
22 settlement of the alleged violation. Until further order of this Court, such
23 notice may be given to Lamonte and Creative Sounds, Inc. by mailing such
24 notice by first-class mail, postage prepaid to Lamonte's and Creative
25 Sounds, Inc.'s counsel of record, Dennis P. Bayless, 1770 East Villa Drive,
26 Suite 3 Cottonwood, Arizona 86326-4647;
27     (b)    If the parties are unable to settle the alleged violation,
28 Plaintiffs may apply to the Court by noticed motion or ex parte application,

Mitchell Silberberg & Knupp LLP
1816022.3

3
SECOND AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION

in accordance with the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Central District of California, for an order finding Lamonte and/or Creative Sounds, Inc. in violation of this Judgment and Permanent Injunction, except that any such motion or application will not be used to seek rescission of the settlement agreement between the parties;

(c) In the event that the Court determines that Lamonte or Creative Sounds, Inc. violated any of the provisions of this Judgment and Permanent Injunction, then, in addition to any remedies authorized by law (including contempt of Court), the Court shall issue an award of monetary damages authorized under the United States Copyright Act, including the provisions governing statutory damages awards under Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c), including the enhancement of damages for willful copyright infringement. The Court shall apply the provisions of 17 U.S.C. § 504(c) to all violations of this Judgment and Permanent Injunction, including those involving the Master Recordings fixed prior to February 15, 1972.

IT IS SO ORDERED.

Dated: June 3, 2008

Hon. Florence-Marie Cooper
United States District Judge